UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
_____
                                          :
UNITED STATES SECURITIES                  :
AND EXCHANGE COMMISSION,                  :
                                          :
         Plaintiff,                       :
                                          :  CIVIL ACTION
    v.                                    :  FILE NO. 09-1750
                                          :  ADM/JSM
                                          :
THOMAS J. PETTERS,                        :
GREGORY M. BELL,                          :
and LANCELOT INVESTMENT                   :
MANAGEMENT LLC,                           :
                                          :
         Defendants,                      :
                                          :
and                                       :
                                          :
INNA GOLDMAN,                             :
INNA GOLDMAN REVOCABLE TRUST,             :
ASIA TRUST LTD.,                          :
BLUE SKY TRUST, and                       :
GREGORY BELL REVOCABLE TRUST,             :
                                          :
         Relief Defendants.               :
_____

**AGREED ORDER OF PRELIMINARY INJUNCTION
<u>ASSET FREEZE AND OTHER ANCILLARY RELIEF</u>**

Plaintiff, U.S. Securities and Exchange Commission ("SEC") filed a complaint in this matter, and Defendants Gregory Bell ("Bell"), Lancelot Investment Management LLC ("Lancelot Management")(collectively "Defendants") and Relief Defendant Gregory Bell Revocable Trust ("Relief Defendant Gregory Bell Revocable Trust") each acknowledge receipt of the

complaint and admits the personal jurisdiction of the Court over them and over the subject matter thereof, and without admitting or denying the allegations of the complaint, except as to jurisdiction, and without trial, argument or adjudication of any facts or law herein, agrees to the entry of this Order of Preliminary Injunction and Asset Freeze ("Order"). The SEC and the Defendants and Relief Defendant Gregory Bell Revocable Trust have waived the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure, and Defendants and Relief Defendant Gregory Bell Revocable Trust have waived any right to appeal from this Order. The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, hereby states:

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made, Defendants Bell and Lancelot Management, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, be and hereby are preliminarily enjoined from violating, directly or indirectly, Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), (2) and (3)], Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, and violating or aiding and abetting violations of Sections 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206-4(8)]

by, in the offer, purchase or sale of any security, or while acting as an investment adviser by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails: (i) misappropriating investor funds, (ii) misleading investors with regard to the use offering proceeds, rates of return, the value of assets under management and fees, (iii) disseminating false and misleading offering materials, (iv) disseminating false and misleading account statements, and (v) failing to disclose material information to investors.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREEED** that until a final adjudication on the merits may be made:

A.

    (1) All funds and other assets of Defendants Bell and Lancelot Management, and Relief Defendants Gregory Bell Revocable Trust are hereby frozen.

    (2) Accordingly, Defendants Bell and Lancelot Management and Relief Defendant Gregory Bell Revocable Trust and their officers, agents, servants, employees, attorneys, trustees and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of the Order or of the terms of the asset freeze provisions contained herein are hereby restrained from, directly or indirectly, withdrawing, transferring, selling, pledging, encumbering, assigning, dissipating, concealing or otherwise

disposing of, in any manner, any funds, assets, accounts or other property belonging to any Defendant or Relief Defendant.

(3) Any bank, financial or brokerage institution or other person or entity holding any such funds or other assets referred to in this Order, in the name of, for the benefit of, or under the control of Defendants Bell and Lancelot Management and Relief Defendant Gregory Bell Revocable Trust, and which receives notice of this Order or of the terms of the asset freeze provisions contained herein, shall hold and retain within its control, and shall prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of, any such funds or other assets.

B. **IT IS HEREBY ORDERED** that the assets frozen by this Order include, but are not limited to, the following accounts:

(1) The following accounts in the name of Lancelot Management:

| Account Holder | Financial Institution | Account Number | account NAME |
|---|---|---|---|
| Lancelot Management | Bank of America | xxxxxx2980 | |
| Lancelot Management | Charter One | xxxxx3729 | |
| Lancelot Management | Charter One | xxxxxx3826 | |

(2) The following accounts in the name of Gregory M. Bell:

| Account Holder | Financial Institution | Account Number | account NAME |
|---|---|---|---|
| Bell | Vanguard Prime Money Market | xxxxxx9785 | |
| Bell | Chase | xxxxxxxxx9221 | |
| Bell and Goldman | Bank of America Money Market | xxxxxxxx7792 | |
| Bell and Goldman | Bank of America Checking | xxxxxxxx7280 | |

(3) The following accounts in the name of Gregory M. Bell Revocable Trust:

| Account Holder | Financial Institution | Account Number | account NAME |
|---|---|---|---|
| Greg Bell Revocable Trust | Bank of America | xxxxxxxx3591 | |

(4) Moreover, any additional funds identified by Defendants Bell and Lancelot Management and Relief Defendant Gregory Bell Revocable Trust as part of the accounting required in Section IV.B, which are under the custody or control of the aforementioned but

which are not located in the accounts set forth in Paragraph II.B.1-6, are hereby frozen.

C. **IT IS HEREBY ORDERED** that the assets frozen by this Order also include, but are not limited to, the residence located at 1947 Spruce Road, Highland Park, Illinois.

### III.

### DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of the assets of the Defendants and/or Relief Defendant Gregory Bell Revocable Trust at any time since January 1, 2002, shall:

A. Prohibit all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of assets, except as directed by further Order of the Court;

B. Deny all other persons access to any safe deposit box that is owned, controlled, managed, or held by, on behalf of, or for the benefit of any of the Defendants and/or Relief Defendant Gregory Bell Revocable Trust, either individually or jointly.

# IV.

# ACCOUNTING

**A.     IT IS HEREBY ORDERED** that Defendants Bell and Lancelot Management, and Relief Defendant Gregory Bell Revocable Trust each shall, within 21 days of the Court's July 9, 2009 Order Granting Motion for Temporary Restraining Order and Order Imposing Asset Freeze and other Ancillary Relief ("the Court's July 9, 2009 Order") file a sworn accounting with this Court, and serve the sworn accounting on the Commission, in the manner set forth below. The sworn accounting shall cover the period from January 1, 2001 through the present.

    B.     The sworn accounting shall reflect the following:

(1)     the receipt and use of all assets, funds and property received, directly or indirectly, in connection with offers, sales or purchases of (a) notes issued by Petters Co. and/or (b) interests in Lancelot Investors Fund, LP, Lancelot Investors Fund II, LP and/or Lancelot Investors Fund, Ltd., ("the Lancelot Funds");

(2)     the receipt and use of any fees or other compensation paid in connection with the offer, sale, or purchase of the (a) notes issued by Petters Co. and/or (b) interests in the Lancelot Funds; and

(3)     for all funds identified in Paragraphs II.B.1- 2, a list of any and all accounts at any financial institution into which such funds have ever

been deposited, including the name and address of the bank or other financial institution, the account name, and the account number.

C. The sworn accounting shall further reflect all of a Defendant's or Relief Defendant Gregory Bell Revocable Trust's assets and liabilities, wherever such assets and liabilities are located. For each such asset and liability, the accounting shall include: (1) a description of the asset or liability; (2) the amount or value or the asset or liability; (3) the location of the asset or liability, including when appropriate the name and address of the bank, financial or brokerage institution in which the asset or liability is located, the account name, and the account number; (4) the date the asset was acquired or the date the liability was incurred; and (5) whether the asset is encumbered and, if so, the nature of the encumbrance, including the identity of the creditor or lien-holder.

D. The sworn accountings filed by Defendant Bell, Defendant Lancelot Management, and Relief Defendant Gregory Bell Revocable Trust shall comply with the requirements of Fed. R. Civ. P. 5.2. However, Defendant Bell, Defendant Lancelot Management, and Relief Defendant Gregory Bell Revocable Trust shall each serve on the Commission, within 21 business days of the Court's July 9, 2009 Order, a hard copy of their sworn accounting which includes, unredacted, all personal identifying information redacted from the filed copy.

## V.

## **DOCUMENT PRESERVATION**

**IT IS HEREBY ORDERED** that, until further order of this Court, Defendants Bell and Lancelot Management and Relief Defendant Gregory Bell Revocable Trust, and their officers, agents, servants, employees, attorneys, trustees, depositories, banks, and those persons in active concert or participation with them who receive notice of this order, are hereby temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, papers, emails, or communications, records, documents, correspondence, ledgers, accounts, statements, files, electronically stored information, and other property, in their possession, custody or control that refer or relate to the allegations described in the Commission's Complaint, including but not limited to all documents and electronically stored information or relating to any of the following entities: The Lancelot Funds, Petters Co. Inc., Thomas Petters, Lancelot Management, Polaroid Corporation, Thousand Lakes LLC, RWB Services, LLC , Enchanted Family Buying Co. and Nationwide International Resources, Inc. Such documents include, but are not limited to, handwritten notes, memoranda, emails, and any other documents or information, whether stored electronically or in "hard copy." In addition, Defendants and Relief Defendant Gregory Bell Revocable Trust are prohibited from attempting to have any such evidence in the possession, custody, or control of third parties destroyed or compromised in any manner.

**VI.**

**<u>REPATRIATION</u>**

**A. IT IS HEREBY ORDERED** that Defendants Bell and Lancelot Management and Relief Defendant Gregory Bell Revocable Trust shall, within ten (10) days of the Court's July 9, 2009 Order, repatriate to the territory of the United States all funds and assets that are held by the Defendant or Relief Defendant or are under its direct or indirect control, jointly or singly.

**B. IT IS HEREBY ORDERED** that Defendants Bell and Lancelot Management and Relief Defendant Gregory Bell Revocable Trust shall, within fourteen (14) days of the Court's July 9, 2009 Order, provide the Court and the Commission with a full accounting of the repatriated funds and assets.

## VII.

## PRESERVATION OF PRIVILEGES

Nothing contained in this Order shall be construed to require that the Defendants or Relief Defendant Gregory Bell Revocable Trust abandon or waive any constitutional or other legal privilege which they may have available to them.

## VIII.

## NOTICE

**IT IS HEREBY FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, email, or personally by agents or employees of the Commission, upon Defendants and/or Relief Defendant Gregory Bell Revocable Trust, and upon any bank, savings and loan institution, credit union, financial

institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order.

**IX.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the this Order.

**IT IS SO ORDERED.**

   **s/Ann D. Montgomery**
**Ann D. Montgomery**
**United States District Judge**

**Dated: July 24, 2009.**