UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS J. PETTERS,<br>GREGORY M. BELL,<br>and LANCELOT INVESTMENT<br>MANAGEMENT LLC,<br><br>Defendants,<br><br>and<br><br>INNA GOLDMAN,<br>INNA GOLDMAN REVOCABLE TRUST,<br>ASIA TRUST LTD.,<br>BLUE SKY TRUST, and<br>GREGORY BELL REVOCABLE TRUST,<br><br>Relief Defendants. | CIVIL ACTION<br>FILE NO. 09-1750<br>ADM/JSM |

_____

## ORDER OF ASSET FREEZE
## AND OTHER ANCILLARY RELIEF AS TO
## RELIEF DEFENDANTS ASIA TRUST LTD. AND BLUE SKY TRUST

On July 8, 2009 plaintiff, U.S. Securities and Exchange Commission ("SEC"), filed a complaint in this matter. On July 9, 2009, the Court issued a Temporary Restraining Order ("TRO"). On July 10, 2009 service of the summons, complaint, and TRO was effected on the settlor of Relief Defendant Blue Sky Trust. Relief Defendant Asia Trust Ltd. (aka Asia Pacific Trust Ltd. aka

Asiaciti Pacific Trust Limited aka Asiatrust Ltd.) (hereinafter "Asia Trust Ltd.") is the Trustee for Blue Sky Trust. An official of Asia Trust Ltd., one Adrian Taylor, has submitted an affidavit in the related criminal proceeding, which also is an exhibit in this case. (Docket No. 31, Exh. 1) That affidavit indicates that Asia Trust Ltd. has received notice of this Court's July 9, 2009 TRO.

The SEC has filed a motion for a preliminary injunction. All the Defendants and Relief Defendants, except for Asia Trust Ltd. and Blue Sky Trust consented to the entry of a preliminary injunction and other relief. A hearing on the SEC's motion for a preliminary relief as to Asia Trust and Blue Sky Trust was held on July 24, 2009. The Court provided an opportunity for all parties to note their appearances. Blue Sky Trust and Asia Trust Ltd. did not appear.

The Court having considered the SEC's Complaint, the *Ex Parte* Motion for a TRO and Order for Ancillary Relief, the Memorandum of Law in support of the Motion, the Declaration of Donald A. Ryba, the SEC's Memorandum in Support of its Motion for a Preliminary Injunction, and all other documents and arguments in support of the Commission's application for *ex parte* relief, and having been fully advised in the premises, the Court makes the following findings as to Asia Trust Ltd. and Blue Sky Trust:

1. This Court has jurisdiction over the subject matter of this case. There is good cause to believe the Court will have jurisdiction over all parties hereto.

2. There is good cause to believe that Asia Trust Ltd. and Blue Sky Trust have

received and hold moneys that are the proceeds of violations of Sections 17(a)(1), (2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), (2) and (3)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, and Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] ("Advisers Act") and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206-4(8)].

3. There is good cause to believe that, absent an order of this Court, assets that should be marshaled and preserved pending the resolution of this case will be dissipated, transferred outside of the jurisdiction of this Court and/or otherwise concealed.

4. For these reasons, the relief set forth below is deemed appropriate.

## I.

**IT IS ORDERED, ADJUDGED AND DECREED** that until a final adjudication on the merits may be made:

A.
    (1) All funds and other assets of, or held for the benefit of, Blue Sky Trust are hereby frozen. This freeze order applies to all funds and other assets held directly or indirectly by, or for the benefit of, Blue Sky Trust and its beneficiaries including but not limited to such assets held or controlled by Asia Trust Ltd. (hereinafter "Blue Sky

Assets").

(2) Accordingly, Asia Trust Ltd., Blue Sky Trust, and their officers, agents, servants, employees, attorneys, trustees, settlors, beneficiaries, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of the Order or of the terms of the asset freeze provisions contained herein are hereby restrained from, directly or indirectly, withdrawing, transferring, selling, pledging, encumbering, assigning, dissipating, concealing or otherwise disposing of, in any manner, any Blue Sky Assets.

(3) Any bank, financial or brokerage institution or other person or entity holding any Blue Sky Assets, and which receives notice of this Order or of the terms of the asset freeze provisions contained herein, shall hold and retain within its control, and shall prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of, any Blue Sky Assets.

B. **IT IS HEREBY ORDERED** that the Blue Sky Assets frozen by this Order include, but are not limited to, the following account located at Wegelin & Co. in Switzerland, together with all accounts, subaccounts linked accounts, and/or fiduciary call deposits, associated with that account:

(1) The following account:

| Account Holder | Financial Institution | Account Number |
|---|---|---|
| Asia Trust Ltd. | Wegelin & Co. in Switzerland | xxxxxxxxx3.200.US together with all accounts, subaccounts linked accounts, and/or fiduciary call deposits, associated with that account |

(2) Moreover, any additional funds identified by any other Defendant and/or Relief Defendant in this matter, which are under the custody or control of the Blue Sky Trust and/or Asia Trust Ltd. but which are not located in the account set forth in Paragraph I.B.(1), are hereby frozen.

## II.

## DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of the Blue Sky Assets at any time since June 1, 2008 shall:

A. Prohibit all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Blue Sky Assets, except as directed by further Order of the Court;

B. Deny all other persons access to any safe deposit box that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Blue Sky Trust, either individually or jointly.

## III.

## DOCUMENT PRESERVATION

**IT IS HEREBY ORDERED** that, until further order of this Court, Relief Defendants Asia Trust Ltd. and Blue Sky Trust, and their officers, agents, servants, employees, attorneys, trustees, depositories, banks, and those persons in active concert or participation with them who receive notice of this Order, are hereby temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any books, papers, emails, or communications, records, documents, correspondence, ledgers, accounts, statements, files, electronically stored information, and other property, in their possession, custody or control that refer or relate to the allegations described in the SEC's Complaint, including but not limited to all documents and electronically stored information or relating to any of the following persons and/or entities: Gregory M. Bell, Gregory Bell Revocable Trust, Inna Goldman, Inna Goldman Revocable Trust, Blue Sky Trust, Asia Trust Ltd., Lancelot Investors Fund, L.P., Lancelot Investors Fund II, L.P., Lancelot Investors Fund, Ltd., Petters Co. Inc., Thomas Petters, Lancelot Investment Management LLC, Polaroid Corporation, Thousand Lakes LLC, RWB Services, LLC, Enchanted Family Buying Co. and Nationwide International Resources, Inc.

Such documents include, but are not limited to, handwritten notes, memoranda, emails, and any other documents or information, whether stored electronically or in "hard copy." In addition, Relief Defendants Asia Trust Ltd. and Blue Sky Trust are prohibited from attempting to have any such evidence in the possession, custody, or control of third parties destroyed or compromised in any manner.

## V.

## **NOTICE**

**IT IS HEREBY FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, email, or personally by agents or employees of the SEC, upon Relief Defendants Asia Trust Ltd. and Blue Sky Trust, and upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of this Order.

**IT IS SO ORDERED.**

    **s/Ann D. Montgomery**
**Ann D. Montgomery**
**United States District Judge**

Dated: July 28, 2009