# UNITED STATES DISTRICT COURT
### District of Minnesota

United States Securities and Exchange Commission,

V.

Thomas J. Petters, Gregory M. Bell, and Lancelot Investment Management LLC,

and

Inna Goldman, Inna Goldman Revocable Trust, Asia Trust Ltd., Blue Sky Trust, and Gregory Bell Revocable Trust,

**JUDGMENT IN A CIVIL CASE**

Case Number:  09-1750 ADM/JSM

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

I.

Defendants and all agents, servants, employees, attorneys, and persons in active concert or participation with each of them who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities by the use of any means or instruments of transportation or communications in
interstate commerce or by use of the mails:

(a) employing any device, scheme or artifice to defraud; or
(b) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3)].

II.

Defendants and all agents, servants, employees, attorneys, and persons in active concert or participation with each of them who receive actual notice of this Partial Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security by the use of any means or instrumentality of interstate commerce, or of the mails,of any facility of any national securities exchange:

(a) employing any device, scheme, or artifice to defraud; or
(b) making any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
(c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5].

III.

Defendants and all agents, servants, employees, attorneys, and persons in active concert or participation with each of them who receive actual notice of this Partial Final Judgment, through personal service or otherwise, are permanently restrained and enjoined, while acting as an investment adviser, by use of the mails, and the means and instrumentalities of interstate commerce, directly or indirectly, from knowingly, willfully or recklessly:
(a) employing devices, schemes or artifices to defraud clients or prospective clients;
(b) engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or
(c) engaging in any act, practice or course of business which is fraudulent, deceptive or manipulative including but not limited to making untrue statements of a material fact and/or omitting to state a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; in violation of Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] and Rule 206-4(8) [17. C.F.R. § 275.206.4(8)].

IV.

Defendants and all agents, servants, employees, attorneys, and persons in active concert or participation with each of them who receive actual notice of this Partial Final Judgment, by personal service or otherwise, are permanently restrained and enjoined, while acting as an investment adviser, from, directly or indirectly, aiding and abetting violations of Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4)] and Rule 206- 4(8) [17. C.F.R. § 275.206.4(8)] thereunder, by use of the mails, and the means and instrumentalities of interstate commerce, by knowingly, willfully or recklessly:
(a) employing devices, schemes or artifices to defraud clients or prospective clients;
(b) engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or
(c) engaging in any act, practice or course of business which is fraudulent, deceptive or manipulative including but not limited to making untrue statements of a material fact and/or omitting to state a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle.

V.

this Court shall determine whether Defendants and Relief Defendant disgorge ill-gotten gains received as a result of the conduct alleged in the complaint, plus prejudgment interest on those amounts. The Court will set the specific amounts of disgorgement, if any, and will also determine whether to impose civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], and in what amount(s), at a separate hearing upon due notice and motion by the SEC. At that hearing, the issues will be limited to determining: (a) the amounts of disgorgement, if any, to be ordered; and  (b) whether civil penalties should be imposed on Defendants and/or Relief Defendant, and the amounts of any such penalties. At that hearing, Defendants and Relief Defendant will each be precluded from arguing that they did not violate, directly or indirectly, the federal securities laws in the manner set out in the complaint, but will not

be precluded from presenting evidence as to (a) what amounts of disgorgement, if any, and prejudgment interest are appropriate and (b) whether and what civil penalties are appropriate. Nothing herein affects the (a) testimonial obligations; or (b) right to take legal or factual positions in litigation or legal proceedings in which the SEC is not a party of either the Defendants or the Relief Defendant.

## VI.

IT IS FURTHER ORDERED that all assets that were frozen pursuant to this Court's Orders of July 24, 2009 (Docket Nos. 45, 46) shall remain frozen until further order of the Court.

## VII.

IT IS FURTHER ORDERED that, upon further motion by the SEC and pursuant to the Consent given by the Defendants and the Relief Defendant, a Receiver will be appointed over all assets that were frozen pursuant to this Court's Orders of July 24, 2009 (Docket Nos. 45, 46).

## VIII.

IT IS FURTHER ORDERED that the Consent of the Defendants and Relief Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendant shall each comply with all of the undertakings and agreements set forth therein.

## IX.

Relief Defendant and Relief Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from contesting any and all portions of this Judgment.

## X.

IT IS FURTHER ORDERED that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, email, or personally by agents or employees of the Commission, upon the Defendants and the Relief Defendant, and upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order.

## XI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the Partial Final Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby directed to enter this Partial Final Judgment.

|  |  |
|---|---|
| 10/6/10 | RICHARD D. SLETTEN, CLERK |
| Date |  |
|  | s/Rena L. Riemer |
|  | (By)   Rena Lexvold Riemer   Deputy Clerk |