## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

_____

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL FILE NO. 09-1750 ADM/JSM** |
| | : | |
| **THOMAS J. PETTERS, GREGORY M. BELL, and LANCELOT INVESTMENT MANAGEMENT LLC,** | : | |
| | : | |
| **Defendants,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INNA GOLDMAN, INNA GOLDMAN REVOCABLE TRUST, BLUE SKY TRUST, ASIA TRUST LTD., and GREGORY BELL REVOCABLE TRUST,** | : | |
| | : | |
| **Relief Defendants.** | : | |

_____

John E. Birkenheier, Esq., United States Securities and Exchange Commission, Chicago, IL, and Assistant United States Attorney James S. Alexander, Minneapolis, MN, on behalf of Plaintiff United States Securities and Exchange Commission.

Vincent Paul Schmeltz, III, Esq., Dewey & LeBoeuf LLP, Chicago IL, and Kevin W. DeVore, DeVore Law Office, P.A., St. Paul, MN, on behalf of Defendants Gregory M. Bell, Lancelot Investment Management, LLC, and Relief Defendant Gregory Bell Revocable Trust.

_____

## <u>ORDER APPOINTING RECEIVER</u>

**WHEREAS** this matter has come before this Court upon motion [Docket No. 152]

of the Plaintiff, U.S. Securities and Exchange Commission ("Commission"), to appoint a receiver in the above-captioned action; and,

**WHEREAS** no objections to the Commission's motion were filed or raised at the hearing on this matter held November 10, 2010; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of Defendants Gregory Bell and Lancelot Investment Management, LLC and Relief Defendants Inna Goldman, the Inna Goldman Revocable Trust and the Gregory Bell Revocable Trust that were frozen pursuant to this Court's Orders of July 24, 2009 (Docket Nos. 45, 46) (collectively hereinafter "the Receivership Defendants' Assets"); and

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants and Relief Defendants that have filed an appearance in this Court, and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Commission's motion is **GRANTED**, and this Court hereby takes exclusive jurisdiction and possession of the Receivership Defendants' Assets.

2.  Until further Order of this Court, Ronald R. Peterson is hereby appointed to serve without bond as receiver (the "Receiver") for the Receivership Defendants' Assets.

## II.  <u>General Powers and Duties of Receiver</u>

3.  The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, trustees, managers and general and limited partners of Defendant Lancelot Investment Management, LLC and Relief Defendants Inna Goldman Revocable Trust and Gregory Bell Revocable Trust (hereinafter "the entity Receivership Defendants") granted under applicable state and federal law, by the governing charters, trust documents, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S. C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

4.  The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendants are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.  The Receiver shall assume and control the operation of the entity Receivership Defendants and shall have the power to pursue and preserve all of their claims.

5.  No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act by or on behalf of any of the Receivership Defendants.

6.  Subject to the specific provisions in Sections III through XIV, below, the

Receiver shall have the following general powers and duties:

A.  To use reasonable efforts to determine the nature, location and value of all property interests falling within the Receivership Defendants' Assets, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind;

B.  To take custody, control and possession of all Receivership Defendants' Assets and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Defendants' Assets and records relevant thereto;

C.  To manage, control, operate and maintain the Receivership Defendants' Assets and hold in his possession, custody and control all Receivership Defendants' Assets, pending further Order of this Court;

D.  To use Receivership Defendants' Assets for the benefit of the Receivership, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.  To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendants;

F.  To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.  To take such action as necessary and appropriate for the preservation of Receivership Defendants' Assets or to prevent the dissipation or concealment of Receivership Defendants' Assets;

H.      The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure without regard to the provisions of Fed.R.Civ.P. 26(d)(1);

I.      To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.      To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

K.      To take such other action as may be approved by this Court.

### III.  <u>Access to Information</u>

7.      The individual Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Defendants' Assets; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

8.      The individual Receivership Defendants and the entity Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and

limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

9.     The Receiver may issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed.R.Civ.P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

10.     The Receivership Defendants are required to assist the Receiver in fulfilling his duties and obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

## IV.  Access to Books, Records and Accounts

11.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants' Assets.  All persons and entities having control, custody or possession of any Receivership Defendants' Assets are hereby directed to turn such assets over to the Receiver.

12.     The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, his agents and/or employees.

13.     All banks, brokerage firms, financial institutions, and other persons or entities, which have possession, custody or control any of the Receivership Defendants' Assets, and which receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

      A.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

      B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

      C.    Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

      D.    Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V. <u>Access to Real and Personal Property</u>

14.     The Receiver is authorized to take immediate possession of all personal property included within the Receivership Defendants' Assets, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

15.     The Receiver is authorized to take immediate possession of all real property included within the Receivership Defendants' Assets, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

16.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above.  The Receiver shall have exclusive control of the keys.  The Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the

locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

17.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

18.     Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody and control of, or identify the location of, the Receivership Defendants' Assets.

## VI.  Notice to Third Parties

19.     The Receiver shall promptly give notice of his appointment to all known officers, directors, trustees, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

20.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

21.     In furtherance of his responsibilities in this matter, the Receiver is

authorized to communicate with, and/or serve this Order upon, any person, entity or

government office that he deems appropriate to inform them of the status of this matter

and/or the financial condition of the Receivership Estates.   All government offices which

maintain public files of security interests in real and personal property shall, consistent

with such office's applicable procedures, record this Order upon the request of the

Receiver or the Commission.

22.     The Receiver is authorized to instruct the United States Postmaster to hold

and/or reroute mail which is related, directly or indirectly, to the business, operations or

activities of any of the Receivership Defendants (the "Receiver's Mail"), including all

mail addressed to, or for the benefit of, the Receivership Defendants.  The Postmaster

shall not comply with, and shall immediately report to the Receiver, any change of

address or other instruction given by anyone other than the Receiver concerning the

Receiver's Mail.  The Receivership Defendants shall not open any of the Receiver's Mail

and shall immediately turn over such mail, regardless of when received, to the Receiver.

All personal mail of any individual Receivership Defendants, and/or any mail appearing

to contain privileged information, and/or any mail not falling within the mandate of the

Receiver, shall be released to the named addressee by the Receiver.  The foregoing

instructions shall apply to any proprietor, whether individual or entity, of any private mail

box, depository, business or service, or mail courier or delivery service, hired, rented or

used by the Receivership Defendants.  The Receivership Defendants shall not open a new

mailbox, or take any steps or make any arrangements to receive mail in contravention of

this Order, whether through the U.S. mail, a private mail depository or courier service.

23.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

24.     The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants, or their officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

## VII.  Injunction Against Interference with Receiver

25.     The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

> A.     Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Defendants' Assets; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Defendants' Assets;

> B.     Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C.     Dissipate or otherwise diminish the value of any Receivership Defendants' Assets; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Defendants' Assets, enforcing judgments, assessments or claims against any Receivership Defendants' Assets or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Defendants' Assets; or,

D.     Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership.

26.     The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his duties.

27.     The Receiver shall promptly notify the Court and Commission counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

### VIII.  Stay of Litigation

28.     As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, shall remain stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership

Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

29.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

30.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.   Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX.  Managing Assets

31.     The Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Defendants' Assets (the "Receivership Funds").

32.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Lancelot Investment Management, LLC" together with the name of the action.

33.     The Receiver may, without further Order of this Court, transfer,

compromise, or otherwise dispose of any Receivership Defendants' Assets, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership, and with due regard to the realization of the true and proper value of such Receivership Defendants' Assets.

34.     Subject to Paragraph 35, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property among the Receivership, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership, and with due regard to the realization of the true and proper value of such real property.

35.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property among the Receivership.

36.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the entity Receivership Defendants, including making legally required payments to creditors, employees, and agents of the entity Receivership Defendants and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

37.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the

meaning of Section 468B of the Internal Revenue Code and of the regulations, when

applicable, whether proposed, temporary or final, or pronouncements thereunder,

including the filing of the elections and statements contemplated by those provisions.

The Receiver shall be designated the administrator of the Settlement Fund, pursuant to

Treas. Reg. § 1.468B-2(k)(3)(I), and shall satisfy the administrative requirements

imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer

identification number, (b) timely filing applicable federal, state, and local tax returns and

paying taxes reported thereon, and (c) satisfying any information, reporting or

withholding requirements imposed on distributions from the Settlement Fund.  The

Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with

treatment of the Settlement Fund as a "Qualified Settlement Fund."  The Receivership

Defendants shall cooperate with the Receiver in fulfilling the Settlement Fund's

obligations under Treas. Reg. § 1.468B-2.

## X.  Investigate and Prosecute Claims

38.    Subject to the requirement, in Section VII above, that leave of this Court is

required to resume or commence certain litigation, the Receiver is authorized, empowered

and directed to investigate, prosecute, defend, intervene in or otherwise participate in,

compromise, and/or adjust actions in any state, federal or foreign court or proceeding of

any kind as may in his discretion, and in consultation with Commission counsel, be

advisable or proper to recover and/or conserve Receivership Defendants' Assets.

39.    Subject to his obligation to expend Receivership Funds in a reasonable and

cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

40.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants.  Notwithstanding the foregoing, nothing contained in this Order shall be construed to require that any Receivership Defendants abandon or waive any constitutional or other legal privilege which they may have available to them.

41.     The receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership.

## XI.  **Bankruptcy Filing**

42.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for

the Receivership Defendants.  If a Receivership Defendant is placed in bankruptcy

proceedings, the Receiver may become, and may be empowered to operate each of the

Receivership Estates as, a debtor in possession.  In such a situation, the Receiver shall

have all of the powers and duties as provided a debtor in possession under the Bankruptcy

Code to the exclusion of any other person or entity.  Pursuant to Paragraph 4 above, the

Receiver is vested with management authority for all entity Receivership Defendants and

may therefore file and manage a Chapter 11 petition.  *See*, <u>In re Bayou Group, LLC</u>, 564

F.3d 541, 548-49 (2nd Cir. 2009).

43.     The provisions of Section VIII above bar any person or entity, other than

the Receiver, from placing any of the Receivership Defendants in bankruptcy

proceedings.

## XII.  <u>Liability of Receiver</u>

44.     Until further Order of this Court, the Receiver shall not be required to post

bond or give an undertaking of any type in connection with his fiduciary obligations in

this matter.

45.     The Receiver and his agents, acting within scope of such agency ("Retained

Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court

and shall not be liable to anyone for their own good faith compliance with any order, rule,

law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable

to anyone for their good faith compliance with their duties and responsibilities as

Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to

anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

46.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

47.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

## XIII.  Recommendations and Reports

48.     The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership (the "Liquidation Plan").

49.     Within 120 days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

50.     Within 30 days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of the Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Defendants' Assets, and

of the extent of liabilities, both those claimed to exist by others and those the Receiver

believes to be legal obligations of the Receivership Estate.

51.   The Quarterly Status Report shall contain the following:

A.   A summary of the operations of the Receiver;

B.   The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.   A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.   A description of all known Receivership Defendants' Assets, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.   A description of liquidated and unliquidated claims held by the Receivership, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (I) reducing the claims to judgment; and, (ii) collecting such judgments);

F.   A list of all known creditors with their addresses and the amounts of their claims;

G.   The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.   The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the

recommendations.

52.     On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV.  Fees, Expenses and Accountings

53.     Subject to Paragraphs 54 – 60 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

54.     Subject to Paragraph 55 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

55.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

56.     Within 45 days after the end of each calendar quarter, the Receiver and

Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Funds (the "Quarterly Fee Applications").  At least 30 days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by Commission staff.

57.    All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

58.    Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

59.    Each Quarterly Fee Application shall:

A.    Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.    Contain representations (in addition to the Certification required by the Billing Instructions) that: (I) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or

implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

60.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by Commission staff, as well as the Receiver's final application for compensation and expense reimbursement.

**IT IS SO ORDERED.**

BY THE COURT:


     s/Ann D. Montgomery

ANN D. MONTGOMERY

U.S. DISTRICT JUDGE


Dated:  November 12, 2010.