UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. Securities and Exchange Commission, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| v. | ) Civil No. 09-1750 ADM/JSM) |
| | ) |
| Thomas J. Petters, | ) |
| Gregory M. Bell, | ) |
| Lancelot Investment Management, LLC, | ) |
| Inna Goldman, | ) |
| Inna Goldman Revocable Trust, | ) |
| Asia Trust Ltd., | ) |
| Blue Sky Trust, and | ) |
| Gregory Bell Revocable Trust, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| United States of America | ) |
| | ) |
| Intervenor. | ) |

John E. Birkenheier, Esq., United States Securities and Exchange Commission, Chicago, IL, and James S. Alexander, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff United States Securities and Exchange Commission.

Vincent Paul Schmeltz, III, Esq., Dewey & LeBoeuf LLP, Chicago IL, and Kevin W. DeVore, DeVore Law Office, P.A., St. Paul, MN, on behalf of Defendants Gregory M. Bell, Lancelot Investment Management, LLC, and Gregory Bell Revocable Trust.

## I. INTRODUCTION

On November 10, 2010, the Court heard oral argument on the third fee application

[Docket No. 156] of Dewey & LeBoeuf LLP; the DeVore Law Office, P.A.; and Cotsirilos,

Tighe & Streicker, Ltd. (collectively, "Applicants"), who serve as counsel to Gregory M. Bell ("Bell"), Lancelot Investment Management ("Lancelot Management") and the Gregory Bell Revocable Trust. Applicants seek payment of legal fees and expenses from funds that are subject to a receivership and asset freeze.

Plaintiff United States Security and Exchange Commission ("the SEC") has filed a response [Docket No. 160] opposing the fee application. The SEC argues the frozen funds must be preserved for the victims of Bell's fraud because all of the funds are traceable to the fraud, and because the amount frozen falls far short of the amount the SEC intends to seek in equitable relief on behalf of the victims. The SEC further argues the fee application appears excessive, and requests that the application be denied in its entirety.

## II. BACKGROUND

The background of this civil action (the "SEC Case") is set forth in the Court's Memorandum Opinion and Order of October 20, 2009 [Docket No. 112] and is incorporated by reference. Briefly, the SEC case was commenced on July 8, 2009 to maintain the status quo pending a related criminal case (the "Criminal Case") against Bell. The Criminal Case accused Bell of misleading investors into investments that were used by Defendant Petters to support a massive Ponzi scheme. U.S. v. Bell, 09-cr-269 PAM (D. Minn.) ("Bell Criminal"), Compl. [Bell Criminal Docket No. 1]. On October 7, 2009, Bell pleaded guilty to wire fraud in the Criminal Case. [Bell Criminal Docket No. 40]. Approximately two months later, a jury reached a guilty verdict on all twenty counts charged against Defendant Petters in Defendant Petters' criminal Ponzi scheme case. U.S. v. Petters, 08-364 RHK/AJB (D. Minn.) ("Petters Criminal") [Petters Criminal Docket No. 361].

All assets belonging to Bell, Lancelot Management, and the Relief Defendants are subject to a receivership and asset freeze pending disgorgement proceedings by the SEC. See Partial Final J. and Order of Permanent Inj. and Other Relief, [Docket No. 150] (imposing asset freeze and other permanent injunctive relief); Order Granting Mot. to Appoint Receiver [Docket No. 165] (appointing Ronald R. Peterson as receiver). The SEC intends to seek equitable relief of over $41 million in disgorgement and prejudgment interest, an amount that far exceeds the approximately $27 million in funds presently frozen in the receivership.

The fee application before the Court is the third and final fee request submitted by Bell's counsel, and seeks fees and expenses of $123,110 for services provided November 1, 2009 to September 30, 2010.

## III. DISCUSSION

A district court may exercise its discretion to limit or deny attorney fees paid from frozen assets. CFTC v. Morse, 762 F.2d 60, 63 (8th Cir. 1985); CFTC v. Noble Metals Int'l, Inc., 67 F.3d 766, 775 (9th Cir. 1995). Considerations weighed by courts in determining whether to pay attorney fees from frozen funds include preserving the funds for defrauded victims and maintaining fairness in the legal proceedings, particularly proceedings involving complex matters. See SEC v. Dowdell, 175 F. Supp. 2d 850, 855-56 (W.D. Va. 2001).

Preserving funds for victims of the fraud weighs heavily here, where the frozen funds are sadly insufficient to compensate defrauded victims, and where Bell's legal counsel and accountants have already been paid over $550,000 from the frozen assets.

On the other hand, the Court recognizes that legal counsel was required to advise Bell

3

following his guilty plea and during his cooperation with criminal prosecutors and the trustees for the bankrupt investment fund entities. The attorney fees charged by Bell's counsel to represent him after the entry of his guilty plea are comparable to post-plea fees allowed for defense counsel representing similarly situated criminal defendants[1] who were involved in the Petters Ponzi scheme. Counsel for those defendants were compensated in amounts ranging from $120,000 to $220,000 for post-plea representation. The invoices submitted by Bell's counsel in support of the present and previous fee applications reflect that approximately $136,000 in attorney fees were charged for representing Bell after the entry of the guilty plea. However, the overall compensation already awarded to Bell's counsel more than doubles that awarded to counsel representing similarly situated defendants in the Petters Ponzi scheme. Total compensation for counsel representing similarly situated defendants was limited to $250,000 for each defendant. See, e.g., United States v. Petters, 08-cv-5348(ADM/JSM) (D. Minn.) ("Petters Civil"), Mem. Opinion and Order, Oct. 19, 2010 [Petters Civil Docket No. 1544] at 4 (applying $250,000 attorney fee cap for legal defense fees and costs); Mem. Opinion and Order, Oct. 20, 2010 [Petters Civil Docket No. 1546] at 3-4 (same). In comparison, Bell's legal counsel and accountants have thus far been compensated over $550,000.

After weighing the equities involved and performing an *in camera* review of the invoices underlying the present fee application, the Court will reduce the requested award to an amount that is fair and equitable under the circumstances.

---

[1] Like Bell, the criminal defendants in the Petters Ponzi scheme pleaded guilty to charges against them and cooperated with the prosecution in their criminal case and the receiver in their related civil case.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the Third Application for Reimbursement of Fees and Expenses [Docket No.] is **GRANTED IN PART** and **DENIED IN PART**.

Receiver Ronald R. Peterson is authorized to make payments as follows:

1. Dewey & LeBoeuf LLP  $50,000.00

2. DeVore Law Office, P.A.  $10,000.00

3. Cotsirilos, Tighe & Streicker, Ltd.  $1,218.75

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 29, 2010.