## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

UNITED STATES SECURITIES AND            )
EXCHANGE COMMISSION,                    )
                                        )
                    Plaintiff           )      **MEMORANDUM OPINION**
v.                                      )      **AND ORDER**
                                        )      Civil No. 09-cv-01750 ADM/DJF
THOMAS J. PETTERS, GREGORY M.           )
BELL, LANCELOT INVESTMENT               )
MANAGEMENT LLC                          )
                    Defendants,         )
and                                     )
                                        )
INNA GOLDMAN, INNA GOLDMAN              )
REVOCABLE TRUST, ASIA TRUST LTD.,       )
BLUE SKY TRUST, and GREGORY BELL        )
REVOCABLE TRUST,                        )
                                        )
                    Relief Defendants   )

---

Ronald R. Peterson, Esq., and Jenner & Block LLP, Chicago, IL, and Charles E. Spevacek, Esq., Meagher + Geer, PLLP, Minneapolis, MN, on behalf of Receiver Ronald R. Peterson.

Emily M. Peterson, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

---

## I.  INTRODUCTION

On December 20, 2023, the undersigned United States District Judge heard oral argument on the requests [Docket Nos. 311, 312] of Receiver Ronald R. Peterson ("Receiver Peterson") to authorize payments for legal services provided to the Receivership by primary counsel Jenner & Block LLP ("Jenner") and by their local counsel Meagher + Geer, PLLP ("M+G").  No responses or objections were filed or raised at the hearing.  For the reasons stated below, the motions are granted.

## II. BACKGROUND

On July 8, 2009, Plaintiff United States Security and Exchange Commission ("SEC") commenced this civil action to maintain the status quo pending a related criminal case against Defendant Gregory M. Bell ("Bell"). The criminal case accused Bell of misleading investors into investments that were used by Thomas J. Petters to support a massive Ponzi scheme. See U.S. v. Bell, 09-cr-269 PAM (D. Minn.) at Docket No. 1 (Bell Criminal Complaint). Petters was convicted of numerous crimes in connection with the Ponzi scheme and is currently serving a fifty-year prison sentence. Bell pleaded guilty to two counts of wire fraud and has since been released from prison.

On November 12, 2010, Receiver Peterson was appointed Receiver over all assets belonging to Bell, Defendant Lancelot Investment Management, and Relief Defendants Inna Goldman, the Inna Goldman Revocable Trust, and the Gregory Bell Revocable Trust (collectively, the "Receivership Defendants"). See Receivership Order [Docket No. 165]. The Receivership Order authorized the Receiver to "use reasonable efforts to determine the nature, location and value of all property interests falling within the Receivership Defendants' Assets;" to "take custody, control and possession of all Receivership Defendants' Assets;" and to "sue for and collect, recover, receive and take into possession from third parties all Receivership Defendants' Assets." Id. ¶ 6. The Receivership Order also authorized the Receiver to "take immediate possession" of all Receivership Defendants' real property and personal assets. Id. ¶¶ 14-15.

Jenner serves as the Receiver's primary counsel and has assisted the Receiver in all aspects of managing the Receivership, including: locating and marshalling Receivership assets; liquidating Bell's interest in real property and mortgage notes; negotiating a settlement among

the Receiver, the Receivership Defendants, the SEC, and the U.S. Department of Justice; establishing a process for determining claims against the Receivership; overseeing distribution of approximately $27 million to victims; addressing tax issues and filing state and federal tax returns; and communicating with victims regarding case status and distribution issues.

This is the Receiver's first request for payment to Jenner and to M+G for legal services performed and expenses incurred since the inception of this case.  Both fee applications are supported by itemized billing statements.  See Jenner Fee Appl. Exs. A, B [Docket No. 315, Attachs. 1-3]; M+G Fee Appl. Ex. A [Docket No. 314, Attach. 2].

The Jenner fee application seeks $620,398.50 in fees for work performed on behalf of the Receivership through June 27, 2023.  Mem. Supp. Jenner Fee Appl. [Docket No. 315] ¶ 12; Jenner Fee Appl. Ex. A.   The fees reflect a total of 1,335.40 hours of attorney and paraprofessional services performed on behalf of the Receivership.  Pursuant to an agreement with the SEC and the Department of Justice, Jenner has agreed to cap its hourly fee at $500 for this case.  The Receiver states that had Jenner's standard rates applied, the total fees would have been $1,212,142.50.  Mem. Supp. Jenner Fee Appl. ¶ 13.  The Jenner fee application also requests payment of $140,097.47 in expenses incurred by Jenner through December 2, 2022. See Jenner Fee Appl. Ex. B [Docket No. 315, Attach. 3].[1]

The M+G fee application seeks $630.00 in fees and $13.40 in expenses for its work in this case through March 20, 2023.  See M+G Fee Appl. Ex. A [Docket No. 314, Attach. 2].  The

_____

[1]Jenner states in its memorandum in support of the fee application that Jenner incurred fees of $620,398.50 and expenses of $140,097.47.  See Mem. Supp. Jenner Fee Appl. ¶ 12.  These amounts total $760,495.97, which is reflected in Jenner's billing statements.  See Jenner Fee Appl. Exs. A, B.  The final paragraph of Jenner's memorandum in support of the fee application requests a total of $766,495.97 in fees and expenses.  See Mem. Supp. Jenner Fee Appl. at 8. The Court assumes that this higher amount is a typographical error and that the total amount actually requested is $760,495.97.

fees sought in the M+G fee application reflect 1.8 hours of legal services performed by a senior partner at a billable rate of $350 per hour.

### III. DISCUSSION

The Eighth Circuit has long recognized that "allowances to a receiver and his counsel are largely in the discretion of the court exercising control over them." Trustees Corp. v. Kansas City M. & O. Ry. Co., 26 F.2d 876, 880 (8th Cir. 1928). "The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs entrusted to him, and the perplexity and difficulty involved in that management." Id. at 881 (quoting Stuart v. Boulware, 133 U.S. 78 (1890)). Factors considered in determining reasonable compensation for a receiver's attorney include the attorney's ability and experience, the amount involved, the time necessary to accomplish legal tasks, the difficulty and intricacy of the legal issues involved, the results attained, and the amount charged by attorneys of equal standing and ability. Federal Oil Mktg. Corp. v. Cravens, 46 F.2d 938, 940 (8th Cir. 1931).

The Court has reviewed the detailed billing statements supporting the two fee applications and finds the requested fees and expenses to be reasonable and necessary. The requested hourly rates are within the prevailing market range, and the time expended is reasonable in light of the size and complexity of this case.

The reasonableness of Jenner's requested fees is further underscored by its agreement to cap hourly fees at $500 per hour, which has resulted in a discount of approximately 50% of Jenner's standard rates. The total fees requested by Jenner amount to approximately 2.8% of the $27 million in funds distributed in this Receivership case to date. The rates charged by M+G are also at or below market rates, and the time expended by M+G was reasonable and demonstrates

substantial billing restraint.

Given the reasonableness of the requested fees, the lack of objection, and the SEC's support of the fee applications as stated at the hearing, the Court approves both fee applications in the amounts requested.

## IV.  CONCLUSION

Based on the files, records, proceedings, and the invoices submitted for the Court's review, **IT IS HEREBY ORDERED** that Receiver Peterson's Motions are **GRANTED.** Receiver Peterson is authorized to make payments as follows:

1.   Meagher + Geer, PLLP        $ 643.40

2.   Jenner & Block LLP          $760,495.97

BY THE COURT:

Dated: December 22, 2023                    s/Ann D. Montgomery
                                            ANN D. MONTGOMERY
                                            U.S. DISTRICT JUDGE