# UNITED STATES DISTRICT COURT

## District of Minnesota

| | |
|---|---|
| United States Securities and Exchange Commission | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff(s), | |
| v. | Case Number: 09-cv-01750-ADM-DJF |
| Gregory M. Bell, Lancelot Investment Management LLC, Inna Goldman, Asia Trust Ltd., Blue Sky Trust, Gregory Bell Revocable Trust, | |
| Defendant(s). | |

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT: Receiver Peterson's Motion for Entry of an Order (A) Approving the Final Report and Accounting; (B) Approving and Authorizing Payment of All Administrative Expenses, Professionals' Fees, and Reasonable Compensation to the Receiver; (C) Approving the Final Distribution of Assets to Claimholders; (D) Authorizing Abandonment or Destruction of Records Held by the Receiver; (E) Discharging the Receiver; and (F) Closing the Receivership [Docket No. 329], as amended by the Updated Final Distribution Summary [Docket No. 340] is GRANTED IN PART and DENIED IN PART as follows:

1. Approval of Final Report and Accounting.  The Receiver's Final Report and Accounting is hereby approved, with the exception of a 1% commission to the Receiver listed on the first page of the Report, and all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the receivership estate are hereby approved and confirmed.

2. Professional Fees and Expenses.  The Receiver is authorized to pay all professional fees and expenses approved by this Court's Orders dated December 22, 2023 [Docket No. 319] and April 15, 2025 [Docket No. 343].  The Receiver is also authorized to reserve for and pay Jenner & Block LLP up to an additional $20,000.00 on account of services rendered between February 1, 2026 and April 30, 2026 in connection with closing the Receivership, and to reserve for and pay Meagher + Geer, PLLP up to an additional $1,000.00 on account of services rendered between February 25, 2026 and April 30, 2026 in connection with

closing the Receivership.

3. No Receiver's Commission.  The Receiver's request for a commission in the amount of $288,615.26, equal to 1% of the receivership's total disbursements prior to the final distribution, is denied.

4. Final Distribution.  The Receiver is hereby authorized to make a final distribution of all Receivership assets remaining after the payment of the foregoing administrative fees and expenses, to be distributed in the manner set forth in Paragraph 5 below.  In connection therewith: (a) all distribution checks issued on account of the final distribution are required to be negotiated within 90 days of the date of issuance (the "Stale Date Deadline"), and checks returned without a valid forwarding address or uncashed after the stale date deadline are hereby deemed void; and (b) the Receiver is hereby authorized to turn over to the SEC or its designee any distribution payments that are uncashed after such stale date deadline. The Receiver is further authorized to reallocate any distribution amounts under $10 on a pro rata basis to the remaining distributees to avoid incurring postage charges sending de minimis payments.

5. Claim Assignments, Transfers, and Address Changes.  The Receiver is hereby authorized to make the final distribution to the parties, and at the addresses, set forth in the Updated Final Distribution Summary [Docket No. 340]. The parties identified in the Updated Final Distribution Summary as the holders of Net Loser claims are hereby deemed to be the valid and current holders of such claims for all purposes in connection with the final distribution, regardless of whether such claims have been transferred by voluntary assignment, inheritance, or other operation of law since the date of any prior Court order regarding claim ownership.  Any prior claim of ownership to a Net Loser distribution that is inconsistent with the Final Distribution Summary is hereby deemed waived and released.

6. Abandonment and Destruction of Records.  The Receiver is authorized but not directed to, in connection with the eventual closing of the Lancelot bankruptcy cases, abandon and destroy the electronic and paper records of the Receivership Entities and of any other corporations or businesses in the Receiver's possession, custody, or control if, within 30 days after service of written notice to the SEC, the Receiver has not been served with a written request by the SEC or the U.S. Attorney for the District of Minnesota for the records or a subpoena by a law enforcement agency. If during such 30-day period the Receiver is served with a written request for records by the SEC or the U.S. Attorney for the District of Minnesota or a subpoena by a law enforcement agency, the Receiver shall be authorized to turn over the original records in response to such request or subpoena.  With regard to all investor records, meaning any records containing information provided by an investor in connection with an investment in one or more of the Receivership Entities, including information about an investor resulting from any investment transaction with the Receivership Entities ("Investor Records"), the Investor Records will be destroyed in the following manner: (a) paper documents containing Investor Records shall be burned, pulverized, or shredded so that the information cannot be read or reconstructed; and (b) electronic records or media containing Investor Records shall be destroyed or erased so that the information cannot be read or reconstructed.

7. Abandonment of Assets.  All assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership Estate are deemed abandoned. Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

8. Discharge.  Neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney, or representative of the Receiver shall have any liability to any person or entity for any action taken in good faith in connection with carrying out the Receiver's administration of this Receivership Estate, and the exercise of any powers, duties, and responsibilities in connection therewith.  Effective upon the completion of the Receiver's payment of administrative expenses, final distribution of funds, and destruction of documents as provided herein, the Receiver, his agents, employees, members, officers, independent contractors, attorneys, and representatives are: (a) discharged; (b) released from all claims and liabilities arising out of and/or pertaining to the receivership; and (c) relieved of all duties and responsibilities pertaining to the receivership previously established in this action.

9. Outstanding Tax Returns.  The Receiver, by and through his tax professionals, may prepare and submit the final tax return(s) for the Receivership Entities as the Receiver determines to be necessary or appropriate.

10. Jurisdiction.  This Court shall retain jurisdiction over any and all matters relating to the Receiver, the receivership, and the Receivership Estate, including any matters relating to the distribution of funds received by the Receiver in connection with his obligations as Receiver or otherwise received after the receivership is closed. To the extent any dispute arises concerning the Receiver's administration of the Receivership Estate or any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney, or representative of the Receiver, arising out of or related to this receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

Date: 4/20/2026                                         KATE M. FOGARTY, CLERK